UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINER GUIBERT AVILA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN CENTRAL VALLEY ANNEX,<br>*et al.*,<br><br>　　　　　Respondents. | Case No.  1:26-cv-04948  (VC)<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND ENTERING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 2 |

This matter is before the Court on Petitioner's motion for a temporary restraining order. Dkt. No. 2. Petitioner filed the instant motion and Petition for Writ of Habeas Corpus arguing that the revocation of his prior order of supervision is unlawful and violates his procedural due process rights. *See* Dkt. No. 1 ¶¶ 52–64. For the reasons that follow, the Court converts the motion to one for a preliminary injunction[1] and ORDERS Petitioner's immediate release.

## I.　　BACKGROUND

Much of the facts are not disputed, so the Court only briefly summarizes them here. Petitioner was ordered removed to Cuba on September 5, 2019, and the Board of Immigration

---

[1] When the Court set a briefing schedule on the motion, it ordered the parties to state their position on whether the motion for temporary restraining order should be converted to a motion for preliminary injunction. Dkt. No. 6. Neither party objected to converting the motion to one for a preliminary injunction, and neither party requested a hearing. *See* Dkt. No. 9 ("Respondents do not request a hearing and do not oppose the Court converting the temporary restraining order to that of a preliminary injunction"). Given that the standard for issuing a temporary restraining order is the same as for a preliminary injunction, *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), and respondents had notice and opportunity to respond through a written opposition, Petitioner's motion is converted to a motion for preliminary injunction.

Appeals ("BIA") affirmed the decision on January 15, 2020. Dkt. No. 9 at 8, 10, 13–15. The Department of Homeland Security ("DHS") detained Petitioner to execute his final order of removal, but ultimately released him back into the United States on an order of supervision because of medical concerns. *See* Dkt. No. 5-1 at 1; Dkt. No. 9 at 8.

On May 12, 2026, DHS revoked Petitioner's Order of Supervision. Dkt. No. 9 at 20. The "Notice of Revocation of Release" indicates that his release was revoked because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." *Id*. Petitioner otherwise claims to have clean criminal record and to have followed all conditions of his release—an assertion which Respondents do not dispute. Dkt. No. 1 ¶ 20.

## II.    DISCUSSION

Petitioner brings five claims for relief, including that Respondents failed to "demonstrate that removal is reasonably foreseeable" as required by statute (count 1), failed to identify changed circumstances since Petitioner's prior release violating his due process rights and amounting to arbitrary detention (counts 2, 3), that removing Petitioner before he has received a determination on his Violence Against Women Act claim ("VAWA") is unlawful (count 4), and that removal to any country would violate Petitioner's due process rights (count 5). *Id*. ¶¶ 52–62. As Petitioner's statutory claim (count 1) entitles him to the relief he seeks on this emergency motion—i.e., release form custody—the Court need not address his remaining claims.

Petitioner has shown a strong likelihood of success on his claim that revocation of his prior order of release without first demonstrating that his removal is reasonably foreseeable was unlawful. Section 241.13(i)(2)—entitled "Revocation for removal—provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). In other words, these regulations indicate that "when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be

removed.'" *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1164 (E.D. Cal. 2025) (quoting *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)).

Respondents have not pointed to any changed circumstances indicating that Petitioner's removal to Cuba—or any other country for that matter—is likely. Rather, Respondents merely assert that "DHS has determined there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future[,]" without pointing to any facts or evidence in the record justifying the basis for this determination. Dkt. No. 9 at 3. As "[d]etention is permissible only if ICE can show that there is a significant likelihood of removal in the reasonably foreseeable future[,]" and Respondents have failed to make that showing here, Petitioner is likely to succeed on his claim that his detention is unlawful. *Yan-Ling X*, 813 F. Supp. 3d at 1165.

The remaining preliminary injunction factors also weigh in Petitioner's favor. Petitioner faces irreparable harm absent a preliminary injunction. "Obviously, the [unlawful deprivation] of liberty is a … severe form of irreparable injury." *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005). Further, the Ninth Circuit has recognized that there may be numerous "irreparable harms imposed on anyone subject to immigration detention," such as "the economic burdens imposed on detainees … as a result of detention." *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017). Petitioner contends that he is the sole financial provider for his children, and his current detention has resulted in the loss of his income as a barber. Dkt. No. 2 at 18–19. The public interest also weighs in Petitioner's favor as the public "has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025).

Accordingly, the Court finds that the requirements for issuing a preliminary injunction are met. The purpose of a preliminary injunction is to return the parties to the status quo ante, which is "not simply [ ] any situation before the filing of a lawsuit, but instead [ ] 'the last uncontested status which preceded the pending controversy.'" *GoTo.com, Inc. v. Walt Disney*

*Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). Petitioner has shown that he is likely to succeed on his claim that ICE did not have sufficient grounds to re-detain him, and that his re-detention was therefore unlawful. His immediate release is required to return him to the status quo ante—"the last uncontested status which preceded the pending controversy." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025).

## III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court ORDERS as follows:

1.    Respondents shall immediately release Petitioner from their custody.

2.    Respondents are enjoined and restrained from re-detaining Petitioner unless and until they can identify changed circumstances demonstrating that his removal in the foreseeable future is likely.

3.    Respondents are enjoined from removing Petitioner while the habeas petition remains pending.

4.    Respondents shall file an answer to the petition for writ of habeas corpus by July 29, 2026 addressing all of Petitioner's claims for relief. Petitioner may file a reply by August 7, 2026.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
VINCE CHHABRIA
United States District Judge

4